IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JAMES J'MORI JONES, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | 1:16CV76<br>1:13CR198-1 |

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Petitioner James J'Mori Jones, a federal prisoner, filed a motion and memorandum (Docs. 52, 53) seeking to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner was the subject of a superseding indictment on August 26, 2013, charging him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count One); possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5861(d) and 5871 (Count Two); possession of a controlled substance with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count Three); and possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(B)(i) (Count Four). (Doc. 14.) On December 11, 2013, Petitioner was convicted after a jury trial of Count One, possession of a

firearm by a convicted felon, and was acquitted of Counts Three and Four.[1] (Doc. 25.) He was sentenced to fifty-four months of imprisonment. (Doc. 30.) His appeal was unsuccessful. See United States v. Jones, 622 F. App'x 195, 198 (4th Cir. 2015). Petitioner next filed the instant § 2255 motion and memorandum. (Docs. 52, 53.) The Government filed a response. (Doc. 57.) Petitioner, in turn, filed a reply. (Doc. 60.) The matter is now before the Court for a ruling. See Rule 8, Rules Governing Section 2255 Proceedings.

I. **PETITIONER'S GROUNDS**

Petitioner raises two grounds for relief. First, Petitioner contends that counsel materially misadvised him, to his prejudice, during the plea stage. (Pet'r's Mem. (Doc. 53) at 5 ("Absent counsel's advice, Petitioner would have accepted a plea that would have been accepted by the court, and the resulting sentence would have been less severe than the one imposed[.]").) Second, Petitioner contends that he is actually innocent of constructively possessing the firearm. (Id. at 10.) As explained further below, the latter ground for relief has no merit and the former ground for relief requires an evidentiary hearing.

---

[1] Count Two was dismissed during trial. (Minute Entry 12/10/2013.)

## II. DISCUSSION

### A. Petitioner has not demonstrated his actual innocence

Because Petitioner's second ground for relief can easily be resolved, the court addresses it first. Specifically, Petitioner contends the firearm charged in the § 922(g)(1) violation in Count One belonged to someone else and that he "is actually innocent of constructively possessing a firearm." (Pet'r's Petition (Doc. 52), Ground Two.) Petitioner contends that there was insufficient evidence of constructive possession of the firearm. (Id.; Pet'r's Mem. (Doc. 53) at 10.) Petitioner contends too that his admission to a police officer that the firearm was his was insufficient for his conviction since there was no corroborating evidence. (Pet'r's Mem. (Doc. 53) at 11.)

Petitioner raised this issue on appeal. The United States Court of Appeals for the Fourth Circuit rejected this issue as meritless. Specifically, that court reasoned:

> During a police search of a home belonging to a friend of Jones, officers found a shotgun in the kitchen closet. Jones was present at the time of the search. When the shotgun was discovered, Jones stated that the gun was his. Officers never had the gun checked for fingerprints or tested for DNA. At trial, Jones testified that he lied to police when saying the gun was his because he did not want his friend to get in trouble.
>
> We review challenges to the sufficiency of evidence de novo. United States v. Roe, 606 F.3d 180, 186 (4th Cir. 2010). "The standard for reversing a

> jury verdict of guilty is a high one: the Court does so only where the prosecution's failure is clear." United States v. Perry, 757 F.3d 166, 175 (4th Cir. 2014) (internal quotation marks omitted), cert. denied, ___ U.S. ___, 135 S. Ct. 1000, 190 L.Ed.2d 875 (2015). "The jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it, where substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). In assessing evidentiary sufficiency, the evidence and reasonable inferences drawn therefrom are viewed in the light most favorable to the Government. Id. We do not reassess the jury's determinations of witness credibility. United States v. Kelly, 510 F.3d 433, 440 (4th Cir. 2007).
>
> Jones conceded at trial that he told police the gun was his, which was supported by the officer's testimony. Additionally, the officer testified that Jones later endorsed his admission at the sheriff's office. In reaching its verdict, the jury made a credibility determination as to the inconsistency between Jones's statement to police and his trial testimony, a determination that is not subject to our review. Therefore, Jones has not established that the evidence was insufficient.

Jones, 622 F. App'x at 197 (footnote omitted).

Claims raised and fully addressed on direct appeal cannot be reargued in a collateral proceeding. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). The court concludes that this issue was raised and fully addressed on direct appeal. This court cannot overrule the Fourth Circuit on this issue and, therefore, this issue cannot be reargued in this proceeding. Nevertheless, even if the court could address this

issue, it would reach the same conclusions as the Fourth Circuit for the same reasons expressed by the Fourth Circuit. Petitioner's arguments to the contrary are not persuasive. (Pet'r's Reply (Doc. 60) at 6-9.) Petitioner fails to take into account the requirement that the evidence, at this stage, be viewed in the light most favorable to the Government. (See, e.g., Trial Tr. Vol. 1 (Doc. 37) at 44 and 48; Trial Tr. Vol. 2 (Doc. 40) at 106.) He also fails to take into consideration the law, addressed above, stating that a reviewing court at this state will not reassess a jury's credibility determinations. For all of these reasons, this ground for relief lacks merit and will be denied.[2]

### B. Petitioner's claim of ineffective assistance of counsel requires an evidentiary hearing

Petitioner's next contention is that counsel materially misadvised him as to his sentencing exposure under one or more of the plea agreements he was offered. (Pet'r's Petition (Doc. 52), Ground One; Pet'r's Mem. (Doc. 53) at 5-7, 14-18; Pet'r's

---

[2] To the extent Petitioner is trying to raise some additional subclaim or permutation of this claim here, it fails for being vague, conclusory, and unsupported. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999).

Reply (Doc. 60) at 1-6.) Petitioner contends that he proceeded through trial on the basis of this misadvice. (Id.) He asserts that he was prejudiced as a result, because he was ultimately convicted and received a greater sentence than he would have received if he had accepted a plea agreement, which he would have been inclined to do had he been properly advised. (Id.) For the following reasons, the court will order an evidentiary hearing on this issue.

Unless the record "conclusively show[s]" a § 2255 petitioner is not entitled to relief, "the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). An evidentiary hearing is required when a movant presents a colorable Sixth Amendment claim showing disputed material facts and a credibility determination is necessary in order to resolve the issue. See United States v. Witherspoon, 231 F.3d 923, 925-27 (4th Cir. 2000).

Additionally, the Supreme Court has considered whether a criminal defendant can be prejudiced by going to trial rather than accepting a guilty plea, where that decision results from deficient performance of counsel. Lafler v. Cooper, 566 U.S. 156, 160 (2012). The Court concluded that "a defendant has the right to effective assistance of counsel in considering whether

to accept [a plea bargain]. If that right is denied, prejudice can be shown if loss of the plea opportunity led to a trial resulting in . . . the imposition of a more severe sentence." Id. at 168. Prejudice in the context of a rejected plea bargain requires:

> a defendant [to] show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

Id. at 164. See also Missouri v. Frye, 566 U.S. 134, 138 (2012) (addressing ineffective assistance of counsel claim "aris[ing] in the context of claimed ineffective assistance that led to the lapse of a prosecution offer of a plea bargain, a proposal that offered terms more lenient than the terms of the guilty plea entered later").

Here, the sworn statements of the parties have created a material factual dispute concerning whether Petitioner had the information necessary to make an informed decision about whether to plead guilty to one of three plea agreements offered by the Government or to proceed through trial. Counsel says that he provided Petitioner the necessary information, including an

accurate assessment of his sentencing exposure. (Gov't Resp., Attach. 1 (Doc. 57-1).) Petitioner says he did not and specifically asserts that counsel misadvised him through an inaccurate assessment of his sentencing exposure. (Pet'r's Mem. (Doc. 53) at 3, 17-18.) There is also a factual dispute as to the precise terms of the third plea agreement that Petitioner was offered in this case. (Gov't Resp., Attach. 1 (Doc. 57-1) at 6; Pet'r's Reply (Doc. 60) at 4.) Therefore, an evidentiary hearing will be required to resolve these issues and decide the ultimate question of ineffective assistance of counsel, and Petitioner ultimately bears the burden of establishing this claim. Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) ("Just as the petitioner carries the burden of proving that counsel's performance was deficient, the petitioner also carries the burden of affirmatively proving that prejudice resulted from counsel's deficient performance.").

## III. CONCLUSION

For the reasons set forth above, Petitioner's assertion of actual innocence is without merit and therefore denied and Petitioner's assertion of ineffective assistance will proceed to an evidentiary hearing.

**IT IS THEREFORE ORDERED** that Ground Two (actual innocence) of Petitioner's motion to vacate, set aside or correct sentence (Doc. 52) is **DENIED**.

**IT IS FURTHER ORDERED** that an evidentiary hearing will be held before the undersigned on Friday, January 5, 2018, at 9:30 a.m. in Greensboro Courtroom 1. The focus of the hearing will be the facts involving those issues identified above. The Government is responsible for producing Petitioner at said hearing.

**IT IS FURTHER ORDERED** that counsel will be appointed to represent Petitioner at said hearing.

This the 13th day of December, 2017.

/s/ William L. Osteen, Jr.
United States District Judge